UNTITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KESTER LYNCH

                Plaintiff(s)

-against-

P.O. LEWIS, Shield#:29819;
P.O. BALKARRA MANGAL, Shield # 24688
P.O. JOHN DOE (S); CITY OF NEW YORK

                Defendant(s)
-----------------------------------------------------------------X

(JURY TRIAL OF ALL
ISSUES DEMANDED)

**COMPLAINT**

CV 12-1292
CV#:_____

The plaintiff KESTER LYNCH, by his attorney, GARNETT H. SULLIVAN, ESQ., complaining of the defendants alleges as follows:

## PRELIMINARY STATEMENT

FIRST:    This is a civil rights action by the plaintiff seeking relief for the defendant's violation and deprivation, under color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. sec. 1983.

SECOND:    The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

THIRD:	Jurisdiction is based upon and conferred to this Court by 42 U.S.C. 1983 and 28 U.S.C. secs. 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. 1367 (a) with respect any and all State law claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

FOURTH:	That the plaintiff KESTER LYNCH at all times hereinafter mentioned was and still is a citizen of the United States and a resident of the City and State of New York and County of Queens.

FIFTH:	That the defendant CITY OF NEW YORK is a municipal organization organized and existing by virtue of the laws of the State of New York.

SIXTH:	That upon information and belief the defendants P.O. LEWIS, P.O. BALKARRA MANGAL and P.O. JOHN DOES at all times hereinafter mentioned were police officers employed by the defendant CITY OF NEW YORK and were acting with the scope of said employment as police officers and were further acting under the direction, supervision and control of defendant CITY OF NEW YORK.

SEVENTH:	The defendants P.O. BALKARRA MANGAL, P.O. LEWIS, whose first name is not known and P.O. JOHN DOES, whose true names and identity is unknown to plaintiff at this time, are being sued

individually and in their official capacity as police officers acting on behalf of the defendant CITY OF NEW YORK.

## ADMINISTRATIVE CONDITIONS

EIGHTH: That within ninety (90) days after the claims arose the plaintiff caused a sworn notice of claim to be duly served upon defendant CITY OF NEW YORK.

NINTH: That the plaintiff was examined by defendant CITY OF NEW YORK pursuant to New York General Municipal Law sec. 50-H.

TENTH: More than thirty (30) days have elapsed since service of the notice of claim and 50-H hearing but Defendant CITY OF NEW YORK or the comptroller have neglected and/or refused to adjust or pay said claims.

ELEVENTH: This action is being commenced within one year and ninety days after the causes of action set forth herein accrued and within the statutes of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. sec. 1983

## FACTUAL ALLEGATIONS

TWELFTH: That on or about April 20, 2011 at approximately 3:00 AM, a vehicle in which the plaintiff was a passenger was stopped by the defendant P.O. LEWIS and one other police officer whose identity is unknown to plaintiff in the vicinity of Madison Street near Broadway in the County of Kings, City and State of New York.

THIRTEENTH: The plaintiff was forcibly removed from the vehicle although there was no reasonable cause to believe he had committed any crimes or other violation of law, and did not pose any threat or danger to the safety of the aforesaid police officers.

FOURTEENTH: Upon being removed from the vehicle by the defendant police officers the plaintiff was forcefully thrown to the ground and subjected to excessive and unnecessary force including being struck about the head and body several times by defendants.

FIFTEENTH: That the defendants pepper sprayed plaintiff in his face and eyes. When plaintiff cried out for help the police officers mocked him and told him he "sounded like a little bitch".

SIXTEENTH: That plaintiff was falsely and maliciously arrested and accused of the violations and crimes of disorderly conduct, obstructing governmental administration and resisting arrest and was forcefully taken to the 81st precinct where he was held in police custody by the defendants.

SEVENTEENTH: That the plaintiff was denied medical attention by defendants for several hours despite plaintiff's repeated requests. As a result of the excessive and unnecessary use of physical force by defendants the plaintiff had to obtain medical treatment by paramedics and at a local hospital.

EIGHTEENTH: That the plaintiff was caused to be brought before a Judge of the Criminal Court of the city of New York, County of Kings where he was arraigned on April 21, 2011, and the charges against him were adjourned in contemplation of dismissal.

NINETEENTH: That the charges were wrongfully and falsely brought against plaintiff by the defendants despite the absence of any facts supporting such charges and the absence of probable cause to believe the plaintiff had committed any of the charged crimes or any penal law violations.

## FIRST CAUSE OF ACTION

TWENTIETH: The plaintiff incorporates by reference each preceding paragraph of this complaint as if set forth at length herein.

TWENTY-FIRST: That the aforesaid arrest and imprisonment of the plaintiff by the defendants in their capacity as police officers employed by defendant CITY OF NEW YORK acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the defendant was in fact guilty of the crimes for which he was charged.

TWENTY-SECOND: That said defendants, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

TWENTY-THIRD: That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants or employees, the plaintiff was wrongfully deprived of his rights privileges and benefits as provided to him under the constitutions of the United States of America and the State of New York, was subjected to pain, suffering, great

indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities was injured in his reputation in the community was further caused to incur monetary expenses.

TWENTY-FOURTH: That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable to plaintiff for compensatory as well as punitive damages.

## SECOND CAUSE OF ACTION

TWENTY-FIFTH: The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

TWENTY-SIXTH: The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of his person;

(b) Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

  (c) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws.

### THIRD CAUSE OF ACTION

TWENTY-SEVENTH: The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs within the same force and effect as though fully set fourth at length herein.

TWENTY-EIGHT: Defendants subjected plaintiff to the foregoing acts without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1 sec. 1,6,8,9,11 and 12 of the New York State Constitution, including without limitation the following deprivations of his rights, privileges and immunities.

  (a) Plaintiff was deprived of his right to be free from unreasonable seizure of his person, in violation of sec. 12 of the constitution of New York;

  (b) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of sec. 6 of the constitution of the State of New York;

  (c) Plaintiff was deprived of his right to equal protection of the laws, in violation of sec. 11 of the constitution of the State of New York.

## FOURTH CAUSE OF ACTION

TWENTY-NINTH: The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs within the same force and effect as though fully set fourth at length herein.

THIRTIETH: That the arrest, detention and imprisonment of plaintiff was wrongful and malicious, and effected without good faith and without reasonable or probable cause or other legal justification or privilege.

THIRTY-FIRST: That the acts and conduct of the defendants constitute false arrest and false imprisonment under the law of the State of New York.

THIRTY-SECOND: That plaintiff was wholly innocent of the aforesaid charges and did not in any way contribute to the conduct of the defendants, their agents, servants and employees

THIRTY-THIRD: That the defendants intended to confine the plaintiff, and the plaintiff was conscious of such confinement and did not consent to his confinement.

## FIFTH CAUSE OF ACTION

THIRTY-FOURTH: The plaintiff incorporates by reference the allegations set forth in each preceding paragraph of this complaint as though fully set forth at length herein.

THIRTY-FIFTH: That the defendant police officers each acting individually and in concert with each other, committed assault and battery upon plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury, emotional distress, and damage to the plaintiff and violated his statutory and common law rights as guaranteed to him by the laws and constitution of the State of New York.

THIRTY-SIXTH: That this Court has supplemental jurisdiction to hear and adjudicate this claim.

THIRTY-SEVENTH: Defendants committed all the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights as a citizen and human being and is therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION

THIRTY-EIGHTH: The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs within the same force and effect as though fully set fourth at length herein.

THIRTY-NINTH: Defendants, by their aforementioned acts, did intentionally, willfully, and knowingly cause plaintiff to suffer mental, emotional and physical distress, pain and suffering, damage to name and reputation, monetary and property damages.

FORTIETH: The acts and conduct of defendants constitute intentional infliction of emotional distress under the laws of the State of

New York and this Court has supplemental jurisdiction to hear and adjudicate such claims.

FORTY-FIRST: Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages

### SEVENTH CAUSE OF ACTION

FORTY-SECOND: The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs within the same force and effect as though fully set fourth at length herein.

FORTY-THIRD: Defendants, by their aforementioned acts, did negligently cause plaintiff to suffer mental, emotional and physical distress, pain and suffering, damage to name and reputation, monetary and property damages.

FORTY-FOURTH: The acts and conduct of defendants constitute negligent infliction of emotional distress under the laws of the State of New York and this Court has supplemental jurisdiction to hear and adjudicate such claims.

### EIGHTH CAUSE OF ACTION

FORTY-FIFTH: The plaintiff repeats, realleges each and every allegation set forth in the preceding paragraphs within the same force and effect as though fully set fourth at length herein.

FORTY-SIXTH:   Defendants, by their aforementioned acts, subjected plaintiff to a course of conduct which served no legitimate purpose and was meant solely to alarm him.

FORTY-SEVENTH:   The acts and conduct of defendants constitute harassment under the laws of the State of New York and this Court has supplemental jurisdiction to hear and adjudicate such claims.

FORTY-EIGHTH:   Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## NINTH CAUSE OF ACTION

FORTY-NINTH:   Plaintiff incorporates by reference the allegations set forth in each preceding paragraph of this complaint as if fully set forth herein.

FIFTIETH:   By the actions described above, defendants each acting individually and in concert with each other, violated plaintiff's right of privacy and trespassed on his person, subjected him to embarrassment and humiliation, intruded into and invaded his seclusion of person, solitude and private affairs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and constitution of the State of New York.

FIFTY-FIRST: As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise damaged and injured.

## TENTH CAUSE OF ACTION

FIFTY-SECOND: Plaintiff incorporates by reference the allegations set forth in each preceding paragraph of this complaint as though fully set forth at length herein.

FIFTY-THIRD: That at all times material to this complaint, the defendant CITY OF NEW YORK; acting through its police department had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

FIFTY-FOURTH: That it is common practice and common knowledge that police officers of the City of New York routinely arrest individuals and maliciously charges them with the criminal violations of which plaintiff was charged, in the absence of probable cause to believe the persons committed any such violation of laws.

FIFTY-FIFTH: That defendant CITY OF NEW YORK is well aware of the foregoing facts and has received innumerable complaints of false arrest for such charges, but the CITY OF NEW YORK has condoned such conduct, and has failed to take sufficiently reasonable actions to investigate and to institute policies to prevent or deter the police from charging innocent citizens of disorderly conduct, obstructing governmental administration and resisting arrest.

FIFTY-SIXTH:  Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a) Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which a police officer of ordinary prudence would not have done;

(b) Hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility toward persons who questioned or criticized police conduct, or asserted their legal rights;

(c) Failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and bringing false criminal charges; and as to the obligation of police officers to intervene to protect citizens threatened with violence or deprived of

constitutional rights by other New York City police officers;

(d) Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

FIFTY-SEVENTH:   All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of injuries to him

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants;

A. Compensatory damages
B. Punitive damages
C. Costs, interest, and attorney's fees
D. Such other and further relief as the Court deems proper.

Dated:   South Hempstead, New York
January 23, 2012

**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiff**
1080 Grand Avenue
Suite 200
South Hempstead, NY 11550
(516) 285-1575